# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 24-5033**

**September Term, 2025**

FILED ON: JUNE 30, 2026

MARSHA WELLKNOWN YEE,
 APPELLANT

v.

TODD BLANCHE, ACTING ATTORNEY GENERAL OF THE UNITED STATES,
 APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-01185)

———

Before: WILKINS and PAN, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## <u>J U D G M E N T</u>

The cause came to be heard on the record on appeal from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The panel has accorded these issues full consideration and decided that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED IN PART AND REVERSED IN PART**.

\* \* \*

Marsha Wellknown Yee is an Assistant United States Attorney ("AUSA") in the U.S. Attorney's Office for the District of Columbia, a position which she has held since February 2016. In April 2021, Yee filed suit in federal court alleging that her employer, the Department of Justice ("DOJ"), discriminated and retaliated against her in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). She also alleged her employer violated her Fifth Amendment due process right in connection with a disciplinary proceeding initiated against her by the DOJ's Office of Professional Responsibility ("OPR") and the Professional Misconduct Review Unit ("PMRU"). The District Court originally dismissed her discrimination and

1

retaliation claims without prejudice under Federal Rule of Civil Procedure 12(b)(6) and her due process claim with prejudice under Rule 12(b)(1). The District Court denied Yee's later filed Rule 15 and 59(e) motion for leave to amend her complaint and her separate Rule 60 motion.

We hold that the District Court did not err in dismissing Yee's discrimination and retaliation claims for failure to state a claim. We further hold that the District Court did not err in denying Yee's Rule 15 motion for futility. However, we amend the District Court's dismissal with prejudice of Yee's due process claim to dismissal without prejudice.

## I.
## A.

The Court draws the following facts from Yee's Original Complaint and First Amended Complaint, which are accepted as true for purposes of this appeal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Yee is female, Asian American, and over the age of 40. Soon after she began her role as an AUSA in February 2016, she heard an appellate counsel use an anti-Chinese slur in the presence of herself and other AUSAs. Since she began her employment as an AUSA, different officials at DOJ assigned her more cases and/or cases that require a higher volume of work than four white male AUSAs who started in the same division during the same period (also known as "disparate case assignments"). These four males included one that had 16 years of professional experience when he began as an AUSA, a second with 9, a third with 7, and a fourth with 6. In contrast, when Yee began her tenure as an AUSA, she had 12 years of professional experience. The disparate case assignments forced Yee to work longer hours, "result[ing] in a material decrease in [Yee's] effective salary," and further negatively impacting her "ability to do her job and [her] litigation record." A.53. Matters got worse for her around mid-2018, when there was a "high exodus of AUSAs from the Civil Division." A.54.

Two years after Yee started as an AUSA, in February 2018, Yee neglected to remove the word "joint," as well as opposing counsel's signature block, on a document that was filed with the court without opposing counsel's approval. Yee self-reported this incident to OPR, which investigated and issued a report to the PMRU in September 2019. The PMRU, with Allyson Fritz as the proposing official, affirmed the findings on *de novo* review and recommended a ten-day suspension for Yee in a Disciplinary Proposal. Yee objected to the Disciplinary Proposal. The Chief of the PMRU, Mark Masling, reviewed the objection and Yee's suspension was subsequently dropped from ten to five days. Yee filed a grievance objecting to the five-day suspension sanction but otherwise served her suspension from February 10, 2020, to February 14, 2020. Around this same time, the COVID-19 pandemic began. As relevant to her claims, Yee alleged in her complaints that President Trump's racist language during the COVID-19 pandemic, including his use of phrases like "China virus" and "Kung flu," "fostered an environment that condones racism against . . . individuals who are or appear to be East Asian." A.55–56.

Finally, and as relevant to Yee's retaliation claims, Yee asserted that she engaged in

2

protected activity on numerous occasions between 2016 and 2020.  These activities include: (1) a 2016 incident wherein Yee raised issues to her supervisors regarding an agency's unfair treatment of Yee, (2) a 2017 incident where Yee provided an affidavit to an Equal Employment Opportunity investigator in connection with another agency counsel's complaint that his agency had discriminated against him, and (3) situations from 2019 and 2020 when Yee filed the grievance objecting to the five-day suspension and then filed a formal complaint with the Equal Employment Opportunity Commission alleging discrimination in the investigation that led to her five-day suspension.  Yee also alleged that her 2019 response to the Disciplinary Proposal contained protected action as she "complained about a high-ranking agency counsel in a subcomponent of the Department treating plaintiff differently based on her sex[.]"  A.68.

## B.

On April 27, 2021, Yee brought suit in the District Court raising four claims in her Original Complaint:  (1) race- and sex-based discrimination under Title VII; (2) age discrimination under ADEA; (3) retaliation under those same statutes; and (4) a Fifth Amendment due process violation related to the disciplinary charges imposed on her by the PMRU.  Yee alleged her employer had discriminated against her on the basis of race, sex, and age by (a) assigning more cases and/or more high-work cases to her than her similarly situated white, male colleagues, (b) imposing a five-day suspension on her, and (c) denying her grievance objecting to the five-day suspension.  Yee pleaded that (a) through (c) were also in retaliation against her protected activity between 2016 to 2020.

The District Court initially dismissed Yee's discrimination and retaliation claims under Rule 12(b)(6).  Part of the District Court's finding on discrimination and retaliation was that Yee had failed to plausibly plead (1) an inference of discrimination between her alleged adverse actions and the allegedly discriminatory behavior and (2) a causal connection between her alleged protected activity and the adverse retaliatory actions.  The District Court also dismissed Yee's due process claim with prejudice for lack of subject matter jurisdiction, finding that Yee had not administratively exhausted the due process claim under the Civil Service Reform Act.

Yee subsequently filed a Rule 15 motion for leave to file an amended complaint, as well as a Rule 59 motion in the alternative.  Her First Amended Complaint contained the same causes of action as her Original Complaint, except that she abandoned her claim that the denial of her grievance was discriminatory.  In December 2023, the District Court denied Yee's Rule 15 motion as futile, finding that her amended complaint still failed to state a discrimination or retaliation claim.[1]  The District Court also denied Yee's Rule 59 motion, as the amended complaint, which alleged that Yee had filed a due process claim with the Office of the Special

---

[1] Yee's Rule 15 motion was clearly untimely.  *See* FED. R. CIV. P. 15 (providing that a party may amend its pleading once "as a matter of course," no later than 21 days after the service of a motion under Rule 12(b), (e), or (f)). However, as the District Court ruled upon the motion, we have continued with our *de novo* review of the District Court's Rule 15 decision.

Counsel, illustrated that the District Court did not have jurisdiction.[2]  Yee timely appealed.

## II.

We review the District Court's dismissal of a plaintiff's complaint under Rules 12(b)(1) and 12(b)(6), as well as its denial of a Rule 15 motion to amend on the basis of futility, *de novo*. *Pueschel v. Chao*, 955 F.3d 163, 165 (D.C. Cir. 2020); *Sandpiper Residents Ass'n v. HUD*, 106 F.4th 1134, 1140 (D.C. Cir. 2024); and *Ramos v. Garland*, 77 F.4th 932, 940 (D.C. Cir. 2023). This Court reviews a denial of a motion to amend a judgment under Rule 59 for abuse of discretion.  *Cobell v. Jewell*, 802 F.3d 12, 23 (D.C. Cir. 2015).

Under the pleading standards set forth by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must plead "sufficient factual matter . . . [to] 'state a claim to relief that is plausible on its face.'"  556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While a reviewing court accepts all factual assertions as true, we are not required to do the same for conclusory allegations.  *Id*.  Instead, at the pleading stage, the reviewing court determines whether any such conclusory allegations, in light of all other factual allegations, as well as the substantive liability standard, can be "nudged . . . from conceivable to plausible[.]"  *Twombly*, 550 U.S. at 570.

## A.

We begin by examining *de novo* the District Court's denial of Yee's Rule 15 motion to amend for futility, interrogating whether the allegations that Yee has made in her First Amended Complaint survive the motion to dismiss standard.  We hold that Yee does not plausibly plead her non-forfeited discrimination and retaliation claims as set forth in her First Amended Complaint; accordingly, the District Court did not err in denying Yee's Rule 15 motion for futility.

As an initial matter, Yee has clearly forfeited two claims in her First Amended Complaint and in her subsequent briefing in front of this Court.  The first is Yee's claim that her five-day suspension was discriminatory.  Because Yee did not contest in her opening brief the District Court's finding that Yee had pled no facts to support a plausible inference that her five-day suspension was "motivated by discrimination," a required element when pleading a discrimination claim, Yee has forfeited her argument as to that claim.  A.98; *see also* A.28–30; *World Wide Mins., Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1160 (DC Cir. 2002) ("As we have said many times before, a party waives its right to challenge a ruling of the district court if

---

[2] Between Yee's Rule 15 and 59(e) motions as well as the District Court's December 2023 decision, Yee also mailed a second amended complaint to the District Court—however, this second amended complaint did not reach the District Court until after its December 2023 decision.  Yee did not file any motions asking the District Court to take action on the second amended complaint and instead, filed a notice of appeal to this Court on February 9, 2024. That same day, she also filed a Rule 60 motion for leave to amend her complaint with a proposed third amended complaint with the District Court.  Given Yee's appeal to this Court, the District Court denied Yee's Rule 60 motion as it found that it did not have jurisdiction.  While Yee did state in her opening brief that the District Court erred in entering this ruling, she does not explain why that ruling was erroneous.  Yee's arguments as to this claim are thus forfeited.  *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019).

it fails to make that challenge in its opening brief."); *Shands v. Comm'r*, 111 F.4th 1, 9 (D.C. Cir. 2024). Yee has also forfeited her argument that the denial of her grievance objecting to the five-day suspension was retaliatory, as she only cursorily addressed the contention in her opening brief, leaving this Court to "to do counsel's work, create the ossature for the argument, and put flesh on its bones[.]" *Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) (citation omitted). Even under the more lenient standard afforded to *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it is clear that Yee forfeited those two arguments and we decline to consider them here.

**B.**

Beginning with Yee's remaining discrimination claim that she was assigned more cases and/or high-work cases than her white, male colleagues, Yee must plausibly plead the following to survive a motion to dismiss: (1) she is a member of a protected class, (2) she suffered an "adverse employment action" when she was assigned more cases that her colleagues and (3) "the action gives rise to an inference of discrimination." *Walker v. Johnson*, 798 F.3d 1085, 1092 (D.C. Cir. 2015). Even assuming that Yee has adequately pled (1) and (2), Yee's claim nevertheless fails because her circumstances cannot give rise to an inference of discrimination.

Yee relies predominately on a comparator theory to establish an inference of discrimination, highlighting that she was treated differently than four white, male colleagues. A successful comparator theory can demonstrate a plausible inference of discrimination at the motion to dismiss stage. *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 532 (D.C. Cir. 2025). However, Yee has failed to plausibly plead that her alleged comparators are similarly situated to her, as she had more experience than three out of the four comparators and admitted that their prior work experiences differed from hers. While Yee does not have to demonstrate at this stage that her comparators are "nearly identical" to her, Yee must still plead that "a comparator was similarly positioned [to her] in at least some relevant respects," with the key question being "whether there are enough facts pleaded to make it plausible, as opposed to just speculative to infer that" Yee's employer was motivated by her race, sex, or age, "rather than the myriad of other reasons that might affect an employment decision." *Joyner*, 140 F.4th at 531 (citation modified).

Here, the fact that Yee admitted that her alleged comparators had different relevant experiences weakens her claim that she was treated discriminatorily. Further, her other allegations in her complaint are conclusory at best and cannot give rise to an inference of discrimination. *Twombly*, 550 U.S. at 570. For example, at no point in her First Amended Complaint does Yee connect her allegations of discriminatory intent— the slur used by an appellate counsel and President Trump's racist language surrounding the COVID-19 pandemic— to being assigned more cases by her and her comparators' specific supervisors.[3] These are certainly abhorrent statements, but they cannot give rise to an inference of discrimination when nothing attaches them to the adverse action that Yee has alleged. In fact, Yee's First Amended

---

[3] Further, these repugnant statements have nothing to do with Yee's sex or age.

Complaint—which highlighted that she had a "high win rate"—actually suggests that the reason that she may have had more cases than her colleagues was because she was a better, more experienced attorney. A.55. Indeed, it seems speculative to infer that Yee's employer was motivated by discriminatory intent when another plausible reason exists to explain the employment decision to assign Yee more cases. *Joyner*, 140 F.4th at 531; *see also Ho v. Garland*, 106 F.4th 47, 53–54 (D.C. Cir. 2024) (holding that a complainant does not have to "rule out every possible lawful explanation" in her complaint, but she does have to "dispel any obvious alternative explanation.") (citation omitted). Yee's First Amended Complaint accordingly fails to state a claim that the disparate case assignments were discriminatory.

## C.

Turning to Yee's retaliation claims, both fail for a similar reason to that explained above—Yee has failed to plausibly plead a causal connection between her alleged protected action and the imposition of disparate case assignments and the five-day suspension.

We assume without deciding that Yee has plausibly alleged that she engaged in "statutorily protected activity" and that both disparate case assignments and suspensions constitute "materially adverse actions," as required to state a claim for retaliation under Title VII or the ADEA. *Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 539–40 (D.C. Cir. 2024) *cert. denied sub nom. Spence v. Dep't of Veterans Affs.*, 145 S. Ct. 594 (2024). But Yee's retaliation allegations concern protected activities she engaged in *after* she was assigned more cases/high-work cases. Yee highlights that "from the outset of her employment as an AUSA [which began in February 2016] and continuing, management officials have assigned her more cases and/or more high-work cases with respect to case transfers and new cases." A.50. The earliest protected activity that Yee discussed in her complaint occurred *three months after* she started at DOJ. There can clearly be no causal connection here, where the alleged retaliatory behavior began before the alleged protected activity.[4]

Similarly, Yee has not plausibly pled a causal connection between her protected activity and her five-day suspension. Yee focuses the bulk of her appeal arguing that Allyson Fritz, the PMRU attorney who proposed Yee's suspension, became aware of Yee's 2016 and 2017 protected activity "prior to finalizing her disciplinary proposal." A.66–67. Yee relies on this close temporal proximity to assert that Fritz implemented the five-day suspension in retaliation for protected activity that occurred two to three years prior, but that Fritz had just learned about. *See Spence*, 109 F.4th at 540 (holding that "temporal proximity" can be the only "evidence of causality" as long as that proximity is "very close").

---

[4] We acknowledge that Yee stated in her First Amended Complaint that her caseload worsened in mid-2018, which would have been after at least two instances of protected activity. However, our precedent is clear that "the full context . . . may render evidence of temporal proximity insufficient to permit an ultimate inference of retaliation." *Jones v. Bernanke*, 557 F.3d 670, 679 (D.C. Cir. 2009). Yee's other factual allegations that her caseload worsened in 2018 because of a "high exodus" of AUSAs from DOJ, *see* A.129, suggest that her heightened caseload was due to staffing shortages rather than any animus. *Ho,* 106 F.4th at 53–54. Yee has thus not alleged enough to "nudge[]" her claim from "conceivable to plausible." *Twombly*, 550 U.S. at 570.

What Yee fails to contend with—and what is ultimately fatal to her causal connection argument—is that Fritz was not the final decisionmaker. The Chief of the PMRU, Mark Masling, imposed the final suspension, and Yee has made no efforts in her briefing to explain that Masling was aware of any protected activity. Because Yee failed to raise any such causal arguments related to Masling in her opening brief, Yee has forfeited them. *See Al-Tamimi*, 916 F.3d at 6; *Ramos*, 77 F.4th at 941. Consequently, Yee has failed to plausibly plead a successful retaliation claim under Title VII or the ADEA in her First Amended Complaint.

### III.

Yee has also appealed the District Court's dismissal of her Original Complaint for failure to state a claim. As Yee's First Amended Complaint built upon the factual and conclusory allegations made in her Original Complaint, and given that Yee's First Amended Complaint has failed to state discrimination and retaliation claims, Yee's Original Complaint fails for the same reasons outlined above.

Yee asserted one claim in her Original Complaint that she did not further assert in her First Amended Complaint—that the denial of her grievance was discriminatory. We review the District Court's dismissal of this claim *de novo* and hold here as well that Yee has failed to state a claim of discrimination. Assuming again that the denial of a grievance is an independent adverse employment action, Yee fails to state a claim because her Original Complaint pled no allegations supporting an inference that any decisionmaker who denied the grievance held any discriminatory animus against Yee. Under these facts pled, we decline to find that the District Court erred in dismissing Yee's grievance claim in her Original Complaint under Rule 12(b)(6).

\* \* \*

For the foregoing reasons, we affirm the District Court's dismissal of Yee's Original Complaint under Rule 12(b)(6) and its denial of Yee's Rule 15 motion for leave to amend for futility. However, we reverse the District Court's dismissal with prejudice of Yee's due process claim under Rule 12(b)(1), as well as its denial of Yee's Rule 59 motion and amend the dismissal to be without prejudice, as a "dismissal for want of subject-matter jurisdiction can only be without prejudice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1254 (D.C. Cir. 2020).

The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk